IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XL SPECIALTY INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, and ADMIRAL INSURANCE COMPANY, | § § § § § § § | No. 13, 2026<br><br>Court Below: Superior Court of the State of Delaware<br><br>C.A. No. N23C-03-009 |
| Defendants Below, Appellants, | § § | |
| v. | § § | |
| THE CIGNA GROUP, | § § | |
| Plaintiff Below, Appellee. | § § | |

Submitted:  January 7, 2026
Decided:    February 16, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1)    In this insurance-coverage dispute, appellee The Cigna Group seeks coverage for certain claims under Cigna's managed care errors and omissions ("MCE&O") insurance towers for the 2016-17 and 2017-18 policy periods.  The Superior Court bifurcated the action into two phases.  Phase 1 focuses on whether Cigna is entitled under its primary 2016-17 MCE&O policy to reimbursement of costs incurred in responding to a civil investigative demand ("CID") issued by the

United States Department of Justice ("DOJ").[1]  The defendant-appellant insurers (the "Appellant Insurers") seek interlocutory review of the Superior Court's determination that a December 2016 CID constitutes a "Claim" under the policy.

(2)     A nonparty insurer wrote the primary policy; the excess policies follow form, providing coverage "in conformance with" the primary policy.  The policies require the insurers to pay defense expenses incurred as a result of any "Claim" that is first made against Cigna during the policy period.  A "Claim" is defined, in part, as "any written notice received by [Cigna] that a person or entity intends to hold [Cigna] responsible for a Wrongful Act."  A "Wrongful Act" is "any actual or alleged act, error or omission in the performance of or failure to perform Managed Care Professional Services," which includes "the submission, handling, investigation, adjudication, denial, payment or adjustment of claims for benefits or coverages under healthcare, life insurance, behavioral health, prescription drug, dental, vision, disability or workers' compensation plans."  Coverage under the primary policy is subject to a self-insured retention and to an aggregate liability limit.

(3)     In December 2016, the DOJ sent Cigna a CID focused on whether Cigna engaged in certain practices when submitting claims to the Centers for Medicare and Medicaid Services that might violate the False Claims Act.  Cigna

---

[1] In Phase 2, the parties will litigate date-of-claim and coverage issues relating to Cigna's settlement with the government.

2

notified its MCE&O insurers of the CID and sought coverage for costs associated with responding to DOJ's requests. The primary insurer initially denied coverage, asserting that the CID was a "Governmental Investigation" under the policy, not a "Claim." The policy does not provide coverage for costs that Cigna incurs "to respond to or comply with a Governmental Investigation," which includes a CID "from any state or federal governmental or regulatory agency, body or authority for documents, records, electronic materials or other data." Instead, if the "Wrongful Acts" that are the subject of a Governmental Investigation later "give rise to a covered Claim," up to $2 million of Cigna's Governmental Investigation expenses are applied to Cigna's per-claim self-insured retention.

(4) The primary insurer eventually reversed course and agreed that the CID was a Claim, for which defense expenses were covered. The excess insurers, however, maintained that the CID was a Governmental Investigation, and Cigna filed suit in the Superior Court to determine coverage. In the opinion at issue here,[2] the Superior Court partially resolved cross-motions for summary judgment. The court held that the CID is a "Claim" but could not determine on the current record whether the full $25.5 million for which Cigna sought reimbursement constituted "Defense Expenses" as defined in the policy. The court therefore ordered the

---

[2] *Cigna Group v. XL Specialty Ins. Co.*, 2025 WL 3884858 (Del. Super. Dec. 8, 2025).

insurers to review Cigna's claimed expenses to determine if they had reasonable grounds for contesting the amount sought.

(5)   The Appellant Insurers applied for certification of an interlocutory appeal.  They argued that the decision determined a substantial issue of material importance because it addressed a central issue on the merits in Phase 1.  As for the Rule 42(b)(iii) factors, they asserted that whether a CID is a Claim under the policy is a question resolved for the first time in Delaware[3] and that interlocutory review would serve considerations of justice.[4]  Cigna opposed the application.

(6)   The Superior Court declined to certify an interlocutory appeal. Applying the Rule 42 criteria, the court determined that the opinion decided a "central, merits-based issue" but that interlocutory review is not warranted because the court "applied Delaware law to insurance policy terms that all parties agreed were unambiguous."  The court also was unpersuaded that the Rule 42(b)(iii) factors weighed in favor of certifying an interlocutory appeal.  The court found no exceptional circumstances that would justify interlocutory review and concluded that the benefits of interlocutory review would not outweigh the associated burdens.

(7)   Applications for interlocutory review are addressed to the sound discretion of this Court.[5]  We have concluded, in the exercise of our discretion, that

---

[3] Del. Supr. Ct. R. 42(b)(iii)(A).
[4] *Id.* R. 42(b)(iii)(H).
[5] Del. Supr. Ct. R. 42(d)(v).

the interlocutory appeal should be refused. The Appellant Insurers' contention that no Delaware court has previously considered whether a CID is a Claim under the terms of the policy at issue here is not an issue of first impression within the meaning of Rule 42(b)(iii)(A). If it were, nearly every case involving contract interpretation would present an issue of first impression. Moreover, we find no considerations of justice that merit appeal before a final judgment.[6] The Appellant Insurers have not identified a need for urgent resolution nor any irreparable harm that will arise from awaiting final resolution of the case in the trial court. Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal before the first phase of a two-phase proceeding is even resolved.[8]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[6] *Id.* R. 42(b)(iii)(H).
[7] *Id.* R. 42(b)(ii).
[8] *Id.* R. 42(b)(iii).

5